**TIAN LI, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–70121.

United States Court of Appeals, Ninth Circuit.

Submitted March 12, 2007 *.

Filed March 15, 2007.

Charles E. Nichol, Esq., Law Office of Charles E. Nichol, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Kimberly Anne Gaab, Esq., Office of the U.S. Attorney, Fresno, CA, for Respondent.

Before: KOZINSKI, LEAVY, and BYBEE, Circuit Judges.

### MEMORANDUM **

Tian Li, a native and citizen of China, petitions for review of the Board of Immi-

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provid-

gration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for a waiver of inadmissibility. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review de novo non-discretionary eligibility determinations and due process challenges in immigration proceedings. *See Vasquez–Zavala v. Ashcroft*, 324 F.3d 1105, 1107 (9th Cir.2003) (due process challenge); *Montero–Martinez v. Ashcroft*, 277 F.3d 1137, 1145 (9th Cir.2002) (non-discretionary eligibility determination). We deny the petition for review.

Li did not appeal from the IJ's decision denying his request for a waiver of inadmissibility pursuant to former § 212(c) of the Immigration and Nationality Act. Instead, Li claimed ineffective assistance of counsel led him to seek a 212(c) waiver rather than pursue a claim for withholding of removal. Because Li failed to present evidence that he was prima facie eligible for withholding, the BIA did not err in finding Li failed to establish prejudice resulted from the alleged ineffective assistance of counsel. *See Lin v. Ashcroft*, 377 F.3d 1014, 1027 (9th Cir.2004) (to demonstrate prejudice, a petitioner must demonstrate "plausible grounds for relief."). Li's claim that the BIA violated his due process rights by not remanding his case to the IJ is also unavailing.

**PETITION FOR REVIEW DENIED.**

ed by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.